UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-06-83-B-W |
| | ) | |
| CHRISTOPHER HITCHCOCK | ) | |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

The Court denies the Defendant's Motion for Reduction of Sentence under U.S.S.G. § 5K1.1 (Docket # 36), because his motion is unauthorized, because he has already received a reduction in his sentence for his cooperation, and because in the exercise of discretion, the Court would not reduce the period of supervised release in any event.

**I.     STATEMENT OF FACTS**

On November 22, 2006, Christopher Hitchcock waived indictment and pleaded guilty to a one-count Information, charging him with the intentional and knowing possession with the intent to distribute oxycodone, a violation of 21 U.S.C. § 841(a)(1). Although facing a guideline sentencing range of fifty-seven to seventy-one months, the Court sentenced Mr. Hitchcock to twenty-four months. *J.* (Docket # 31). The reason Mr. Hitchcock received such a significantly reduced sentence was that the Court granted two motions for downward departure, the Government's § 5K1.1 motion for his substantial cooperation and the Defendant's § 5K2.13 diminished capacity motion. U.S.S.G. §§ 5K1.1, 5K2.13. Mr. Hitchcock served the twenty-four month sentence and on August 18, 2008 began a three year period of supervised release.

On September 26, 2008, Mr. Hitchcock moved for a reduction of sentence under § 5K1.1. *Mot. for Reduction of Sentence* (Docket # 36) (*Def.'s Mot.*). The basis of his motion is that after sentencing Mr. Hitchcock further cooperated by testifying as a Government witness in the

criminal jury trial of Michael Kinsella. *See United States v. Kinsella*, Docket No. 05-27-B-W, *Test. of Christopher Hitchcock* (August 13, 2008). As Mr. Hitchcock's testimony in the Kinsella trial took place too late to directly affect his then pending term of incarceration, Mr. Hitchcock contends that in recognition of his post-sentencing cooperation, the Court should reduce his period of supervised release. *Def.'s Mot.* at 1-2.

The Government objects. *Gov't's Ob. to Def.'s Mot. for Reduction of Sentence* (Docket # 37) (*Gov't's Ob.*). It notes that under § 5K1.1, the motion must be made by the Government prior to sentencing, and there is no authority for a defense motion under § 5K1.1 after the sentence has been imposed. *Id.* at 1-2. It asserts that the only procedural vehicle for such a reduction would be Rule 35 and, as with § 5K1.1, the Defendant is not authorized to file a Rule 35 motion. *Id.* The Government contends that Mr. Hitchcock already received a reduction for his Kinsella testimony, since the degree of the reduction the Government recommended contemplated that he would testify against Mr. Kinsella. *Id.* at 2. Finally, the Government claims that a reduction would interfere with the benefits of supervised release. *Id.* at 2-3.

**II.   DISCUSSION**

The guidelines do not allow a defendant to move for a substantial assistance reduction. U.S.S.G. § 5K1.1 (beginning "[u]pon motion of the government . . ."). For this reason alone, the Defendant's motion must fail. Second, the timing is wrong. Section 5K1.1 does not apply once the sentence has been imposed. To reduce a sentence after judgment, the correct provision would have been Rule 35(b), which authorizes a motion after sentence, if the "defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). But, like a § 5K1.1 motion for downward departure, a Rule 35(b) motion for

reduction of sentence can only be made by the government.[1]  *Id.* (beginning "[u]pon the government's motion . . ."); *United States v. Mulero-Algarin*, 535 F.3d 34, 38 (1st Cir. 2008) (stating that "Rule 35(b), allows the government to move post-sentence for a reduced penalty on the ground of 'substantial assistance' rendered to the government's crime-fighting cause").  Even if construed as a Rule 35(b) motion, the relief must be denied, because the Defendant is not authorized to ask for it.

To close the circle, however, the Court notes that the extent of the reduction from the low end of the guideline range already granted Mr. Hitchcock at sentencing was unusual.  In its § 5K1.1 motion, the Government had recommended a sentence of thirty-seven months, a 35% reduction from the bottom end of the guideline range, *Gov't's Ob.* Ex. 1 at 2..  In making its recommendation, the Government stated that Mr. Hitchcock was "committed to testifying at any trial held in Kinsella's case." *Id.*  Taking this into account, and figuring in the downward departure for diminished capacity, the Court granted Mr. Hitchcock a reduction of nearly 60% from the bottom of the guideline range.  Mr. Hitchcock has, therefore, already been given credit for his testimony in the Kinsella case; he is not entitled to extra credit.

Finally, the three year period of supervised release is statutorily mandated.  21 U.S.C. § 841(b)(1)(C) (providing that "[n]otwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years . . .").  Assuming the Court could reduce Mr. Hitchcock's period of supervised release below the statutory minimum, it would not do so.  Mr. Hitchcock is susceptible to suggestion and has a history of marijuana and alcohol abuse.  Mr.

---

[1] Although a defendant cannot move for a reduction of sentence under Rule 35(b), he may assert that the Government has breached a plea agreement by failing or refusing to file such a motion.  *See Mulero-Algarin*, 535 F.3d at 38-39.  Mr. Hitchcock attached a copy of the plea agreement to his motion, but he does not claim that the Government's failure to move for further reduction under Rule 35(b) constitutes a breach of the agreement.  *Def.'s Mot.* at 1-2.

Hitchcock has a devoted family, including an older brother that defense counsel described as the "consummate older brother." *Tr.* at 13:23-25; 14:1-2 (Docket # 33). The three year period of supervised release seeks to re-enforce Mr. Hitchcock's reliance on the people who truly care for him, not the people who would manipulate him for their ends. The Court imposed conditions of alcohol and drug abuse therapy and testing to assure that Mr. Hitchcock remained drug and alcohol free for a period long enough to become a habit. Thus, the Court views the three year period of supervised release as an appropriate and necessary adjunct to the period of incarceration. There is little to gain from early release and much to lose. *Gov't's Ob.* Ex. 2.

### III. CONCLUSION

The Court DENIES the Defendant's Motion for Reduction of Sentence (Docket # 36).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2008